COMMONWEALTH vs. KATHLEEN M. POWERS
(and a companion case).

Middlesex. November 9, 1979. — May 28, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Criminal,* Instructions to jury.

At a criminal trial, the judge's charge as to reasonable doubt, although in-
cluding some language which would have been better omitted, was
adequate. [771-773]

At a criminal trial, the judge's reference in his charge to the defendant's
constitutional right not to incriminate herself, while better omitted,
did not, in the context of the entire charge, create a risk that the charge
could have been understood by the jury as a criticism of the defendant
for failing to take the stand. [773-774]

COMPLAINTS received and sworn to in the Third District
Court of Eastern Middlesex on February 2, 1977.

On appeal to the Superior Court the cases were tried
before *Beaudreau, J.*

*Richard J. Hayes* for the defendant.

*Phyllis J. Broker,* Assistant District Attorney, for the
Commonwealth.

GOODMAN, J. The defendant was convicted on two com-
plaints charging her with obtaining possession of a con-
trolled substance by "forgery or falsification of a prescrip-
tion." See G. L. c. 94C, § 33(*b*). She appeals and claims
various errors in the judge's charge to the jury.

1. *Reasonable doubt.* The focus of the defendant's at-
tack is on the judge's statement set out in the margin.[1] That

---

[1] "If an unreasonable doubt, or a mere possibility of innocence, was suffi-
cient to prevent a conviction, then practically every criminal would be free
to prey upon the community, and such a rule would be wholly impractical,
and would break down the forces of law and make the lawless supreme."

comment was considered in *Commonwealth* v. *Williams*, 378 Mass. 217, 233-235 (1979), and *Commonwealth* v. *Hughes*, 380 Mass. 596, 601 (1980). See *Commonwealth* v. *Delaney*, 8 Mass. App. Ct. 406, 407 n.1 (1979). In the *Williams* case, the court pointed out that it had never passed on the propriety of the comment, although it had cited generally with approval the charge set out in the preface to *Commonwealth* v. *Madeiros*, 255 Mass. 304, 306-312 (1926), from which the language was taken. The court then proceeded to examine the comment in the context of the charge as a whole and found no error. In the *Hughes* case (380 Mass. at 601), the court held that "the quotation from the *Madeiros* case is not of itself so one-sided as to require automatic reversal." A similar analysis of the charge as a whole in the case at bar convinces us that there is no danger that the jury misunderstood the reasonable doubt standard.[2]

It would have been better to omit the comment; this "embellishment" has nothing to commend it except that through the years it appears to have passed unnoticed. See *Commonwealth* v. *Therrien*, 371 Mass. 203, 208 (1976). But it could not have led the jury astray in view of the clear instruction following that comment that "[a] fact is proved beyond a reasonable doubt when it is proved to a degree of certainty that satisfies the judgment and consciences of the jury as reasonable men and women, and leaves in their minds, as reasonable men and women, a clear and settled conviction of guilt. When all is said and done, if there remains in the minds of the jury any reasonable doubt of the existence of any fact which is essential to the guilt of the defendant on the particular charge or charges, the defendant must have the benefit of it, and cannot be found guilty on those charges." Compare *Commonwealth* v. *Robinson*, 7 Mass. App. Ct. 600, 607 (1979).

---

[2] Because of the crucial role of that standard, we examine the impact of the comment to which the defendant now objects although the objection and exception to the charge on reasonable doubt were not specifically directed to that comment. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967); *Commonwealth* v. *Woods*, 380 Mass. 545, 547-549 (1980).

Moreover, the instruction on the presumption of innocence which preceded the instruction on reasonable doubt also emphasized that a defendant can be found guilty "only upon evidence, evidence of the guilt beyond a reasonable doubt produced in court." Further, the judge charged that the presumption "lasts until such time as the government offers evidence which convinces you, as reasonable individuals, that the defendant is guilty beyond a reasonable doubt." See *Commonwealth* v. *Hughes*, 380 Mass. at 600. Cf. *Commonwealth* v. *Boyd*, 367 Mass. 169, 189 (1975).

2. *Failure to testify.* The defendant focuses on the statement in the charge that "a defendant has the constitutional right not to incriminate himself or herself."[3] This sentence and the words in note 3, *supra*, to which the defendant objects, are both found in the portion of the charge reproduced in *Commonwealth* v. *Morrissey*, 351 Mass. 505, 515 n.5 (1967), which is almost verbatim the charge given in this case. The court in the *Morrissey* case held that this instruction was adequate. We considered the same instruction in *Commonwealth* v. *Delaney*, 8 Mass. App. Ct. at 409-410, and pointed out that "a reversal [is not] required solely by reason of the fact that the judge explained to the jury that the privilege was grounded in part on the defendant's constitutional right not to incriminate himself." We held, however, upon an analysis of the charge as a whole, that the conjunction of that instruction with other dubious instructions and the circumstances of that case created a risk that the charge could have been understood by the jury as a criticism of the defendant for failing to take the stand. We see nothing in the charge in this case, and the defendant points to nothing, which creates any such danger.

---

[3] Here again there was no objection or exception directed to that sentence (compare note 2, *supra*). The only exception in connection with the charge on the defendant's failure to testify was to the use of the words "neglect . . . or refusal," which appear in G. L. c. 233, § 20 (as amended through St. 1963, c. 765, § 3). It is hard to see any point to that exception in view of the explicit instruction that a defendant "may testify if he or she elects, but if he or she does not choose to do so, he or she may not testify" and the reference to this choice as a "right not to testify."

Since, as the *Delaney* case illustrates, a reference to the privilege against self-incrimination in a charge may result in error, such a reference places an additional burden on this court to analyze the charge as a whole. It seems significant to us that the court in *Commonwealth* v. *Sneed,* 376 Mass. 867, 871 n.1 (1978), pointed out that: "Some judges prefer to address the privilege without mentioning the Constitution at all, but speak in terms of the burden of proof, viz.: that the law places the burden of proving all elements of the crime, beyond a reasonable doubt, on the Commonwealth; and that the defendant, as is his privilege, left the burden there and chose not to testify. Some judges are careful also to consult with the defense as to whether the privilege is to be mentioned at all, and then are guided by the defendant's request as to the question."

Accordingly, we would suggest that generally — absent a request by the defendant or other special circumstances — any reference to the privilege against self-incrimination should be omitted from the charge. It seems preferable to us that the defendant's right not to testify be put in terms of "the right to remain passive, and to insist that the Commonwealth prove its case beyond a reasonable doubt without explanation or denial by him." *Commonwealth* v. *Madeiros,* 255 Mass. at 307.

3. Of the two further criticisms of the charge the first, based on an exception, is without substance; no exception brings the second criticism before us, and we need not discuss it. We do not in any way intimate that the second criticism has merit; indeed, it also appears to be without substance. Nor is there any indication of a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

*Judgments affirmed.*