Commonwealth *v.* Torres.

COMMONWEALTH *vs.* LUIS TORRES.

Worcester. March 16, 1984. — April 2, 1984.

Present: GREANEY, C.J., CUTTER, & ARMSTRONG, JJ.

*Practice, Criminal,* Instructions to jury.

At a criminal trial it was reversible error for the judge to deny the defendant's requested instruction that the jury draw no adverse inference from his failure to testify. [677]

INDICTMENTS found and returned in the Superior Court Department on October 12, 1982.

The cases were tried before *Mulkern,* J.

*Patricia A. O'Neill* for the defendant.

*William Frederick George,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. In the course of instructing the jury in this prosecution for attempted breaking and entering (G. L. c. 274, § 6; G. L. c. 266, § 18) and possession of burglarious implements (G. L. c. 266, § 49), the trial judge appears to have misinterpreted an aspect of our decision in *Commonwealth* v. *Powers,* 9 Mass. App. Ct. 771 (1980). The *Powers* case suggested that:

"generally — absent a request by the defendant or other special circumstances — any reference to the privilege against self-incrimination should be omitted from the charge. It seems preferable to us that the defendant's right not to testify be put in terms of 'the right to remain passive, and to insist that the Commonwealth prove its case beyond a reasonable doubt without explanation or denial by him.' *Commonwealth* v. *Madeiros,* 255 Mass. [304] at 307 [1926]." 9 Mass. App. Ct. at 774.

Here the judge gave the instruction suggested in that passage, but, citing the *Powers* case, refused the defendant's request that the jury be instructed that it could not draw an adverse inference from the defendant's decision not to testify.

In context, the court's intention in the *Powers* case was (1) to encourage trial judges to defer to a defendant's wish not to have his decision highlighted by the judge's making comment on it in his charge, and (2) to discourage use of the words "privilege against self-incrimination", or "right not to incriminate oneself," in favor of the more neutral phrasing quoted from the *Madeiros* case. It was clearly not the purpose of the court in *Powers* to amend the *Madeiros* language by suggesting omission of the thought, expressed earlier in *Madeiros,* that the jury may draw no adverse inference from the defendant's exercise of the privilege.[1]

It was held in *Carter* v. *Kentucky,* 450 U.S. 288, 305 (1981), that a defendant is entitled, if he requests it, to an instruction directing the jury not to draw an adverse inference. The language recommended in the *Powers* case does not avoid the necessity for such an instruction. The proscription against drawing adverse inferences from a defendant's failure to testify on his own behalf is not a necessary corollary of his constitutional right to remain silent. It is a related but distinct proposition, evidenced by the fact that, prior to *Griffin* v. *California,* 380 U.S. 609 (1965), it was permissible in several States for courts to charge juries that a defendant had a constitutional right not to testify but that the jury could draw any inference it thought proper from his exercise of that right. See *Twining* v. *New Jersey,* 211 U.S. 78, 90 (1908); *Adamson* v. *California,* 332 U.S. 46, 55 & n.16 (1947).

The judge thus erred in declining to give the essence of the additional instruction sought by the defendant, and we have no basis in the record for concluding that the error was harmless.

---

[1] The portion of the *Madeiros* charge in question reads as follows: "The fact that the defendant has not testified is not to be taken as raising any presumption or inference or prejudice against him. He has the right to remain passive, and to insist that the Commonwealth prove its case beyond a reasonable doubt without explanation or denial by him . . . ." 255 Mass. at 307.

Because of our decision on that point, it is not necessary to deal with other alleged deficiencies in the charge. They were not called to the judge's attention and doubtless would have been dealt with properly by him if they had been. They do not present questions of a type likely to arise at retrial.

*Judgments reversed.*

*Verdicts set aside.*