COMMONWEALTH vs. MICHAEL BUIEL.

Plymouth. February 7, 1984. — April 26, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Instructions to jury. *Constitutional Law,* Self-incrimination.

No Federal constitutional right of a criminal defendant is violated by a
    judge's instructing the jury, over the defendant's objection, that they
    are not to draw any adverse inference from the defendant's decision not
    to testify. [745]
At a criminal trial, there was no reversible error in the judge's instructing
    the jury, over the defendant's objection, that they were not to draw any
    adverse inference from the defendant's decision not to testify. [745-748]
In criminal cases tried after the date of this decision, the judge must accede
    to a seasonable request by the defendant that the jury not be instructed
    concerning the defendant's right not to testify. [746-747]

INDICTMENTS found and returned in the Superior Court De-
partment on September 16, 1982.

The cases were tried before *Roger J. Donahue,* J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Brownlow M. Speer* for the defendant.

*Robert S. Sinsheimer,* Assistant District Attorney, for the
Commonwealth.

WILKINS, J. The defendant raises one issue in his appeal
from his convictions of rape of a child and indecent assault
and battery on a child under fourteen. The victim was the
defendant's daughter, who was eight at the time of the crimes.

As part of a conscious trial strategy to present no defense,
defense counsel seasonably raised, by written motion and or-
ally, his request that the trial judge not instruct the jury as to
the defendant's right not to testify. The defendant did not
testify. In spite of the defendant's objection, the judge in-

structed the jury concerning the defendant's right not to testify, erroneously believing that he was required to give such an instruction.[1] We conclude that this was not reversible error but announce for the future that, when a defendant seasonably requests that the jury not be instructed concerning the defendant's right not to testify, the judge must accede to that request.

There was no violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in this case. The Supreme Court has said that a judge must give an appropriate instruction concerning a defendant's right not to testify if the defendant requests it. *Carter* v. *Kentucky*, 450 U.S. 288 (1981). See *James* v. *Kentucky*, U.S. (1984) 104 S. Ct. 1830 [1984]). A defendant has no Federal constitutional right, however, to decide that no such instruction shall be given. If he requests that no instruction be given but the judge nevertheless gives a correct instruction concerning the defendant's right not to testify, there is no violation of the defendant's privilege against compulsory self-incrimination guaranteed by the Fifth and Fourteenth Amendments. *Lakeside* v. *Oregon*, 435 U.S. 333, 340-341 (1978). In his dissent in the *Lakeside* case, Justice Stevens makes a strong argument that the defendant alone should have the right to decide whether the instruction should be given or should not be given. *Id.* at 345-348 (Stevens, J., dissenting). His view did not prevail and thus the giving of the instruction in this case, over the defendant's objection, violated none of the defendant's rights under the Fifth Amendment, incorporated in the Fourteenth Amendment.

We have not dealt previously with the question whether a defendant has the right to decide that no instruction shall be given concerning his decision not to testify. We have found no error where a judge gave such an instruction in the absence of any request for it. See *Commonwealth* v. *Bumpus*, 362 Mass. 672, 681 (1972), judgment vacated and case remanded

---

[1] The judge told the jury: "We have a statute in this Commowealth which states the defendant in a criminal trial shall be allowed to testify but his neglect or refusal to testify shall not create any presumption of guilt against him. If he did not testify, no unfavorable inference can be drawn and certainly no inference of guilt."

on other grounds, 411 U.S. 945 (1973), aff'd on rehearing, 365 Mass. 66 (1974); *Commonwealth* v. *Sullivan*, 354 Mass. 598, 616-617 (1968), cert. denied, 393 U.S. 1056 (1969). We have said that any instructions concerning the defendant's right to remain silent at trial "must thoroughly protect the defendant against any prosecutor's argument, or intimation by the judge, that the defendant is invoking constitutional rights to conceal or deceive." *Commonwealth* v. *Sneed*, 376 Mass. 867, 871 (1978). In writing for the court, Chief Justice Hennessey commented that some judges "consult with the defense as to whether the privilege is to be mentioned at all, and then are guided by the defendant's request as to the question." *Id.* at 871 n.1. Picking up on this comment, the Appeals Court has suggested that, "absent a request by the defendant or other special circumstances — any reference to the privilege against self-incrimination should be omitted from the charge." *Commonwealth* v. *Powers*, 9 Mass. App. Ct. 771, 774 (1980).

We have no hesitancy in announcing for the future that it will be reversible error if a judge instructs the jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given.[2] It is difficult to determine whether such an instruction is beneficial to a particular defendant or to defendants as a group. On the one hand, it warns the jury against drawing inferences adverse to the de-

---

[2] Some States have reversed convictions in cases where the judge gave such an instruction over the defendant's objection. See, e.g., *Russell* v. *State*, 240 Ark. 97, 99-100 (1966); *Tines* v. *Commonwealth*, 25 Ky. L. Rep. 1233 (1903); *People* v. *Hampton*, 394 Mich. 437 (1975). Other States have stated such a rule in dicta. See *State* v. *Kimball*, 176 N.W.2d 864, 869 (Iowa 1970); *State* v. *Grey*, 256 N.W.2d 74, 78 (Minn. 1977). Most courts have expressed a preference that such a charge not be given over the defendant's timely objection but have, however, viewed the giving of such an instruction over objection as not prejudicial error. See, e.g., *State* v. *Piper*, 113 Ariz. 390, 392-394 (1976); *People* v. *Roark*, 643 P.2d 756, 763 (Colo. 1982); *State* v. *Baxter*, 51 Hawaii 157, 158-159 (1969), cert. denied, 397 U.S. 955 (1970); *State* v. *Perry*, 223 Kan. 230, 235-236 (1977); *State* v. *Rhoades*, 380 A.2d 1023, 1026-1027 (Me. 1977); *People* v. *Vereen*, 45 N.Y.2d 856 (1978); *State* v. *Bryant*, 283 N.C. 227, 233-234 (1973); *Hines* v. *Commonwealth*, 217 Va. 905, 911 (1977); *State* v. *East*, 3 Wash. App. 128, 133 (1970); *Champlain* v. *State*, 53 Wis. 2d 751, 757-758 (1972). See Annot., 18 A.L.R.3d 1335 (1968 & Supp. 1983).

fendant from his not testifying. On the other hand, such an instruction may focus the jury's attention on the question why the defendant decided not to assist the jury in their fact-finding function. The rule we announce is not constitutionally based. It is simply a statement of the law of the Commonwealth for cases tried after this date that the defendant has the choice.[3]

We decline, however, to apply this new rule of law to the defendant in this case to grant him a new trial. The charge on the defendant's failure to testify was a correct statement of the law and contained no intimation that the defendant was hiding important information.[4] The defendant's decision not to testify created the basic problem because of the jury's possible adverse reaction to his failure to deny the charges under oath. There is no way to tell whether the giving of a cautionary instruction was additionally prejudicial to the defendant in any significant way. It also follows, therefore, that the defendant cannot demonstrate that he was prejudiced by the charge given. We have considered the evidence and see no reason why his young daughter should be required to testify again about his sexual misconduct. Considering the evidence in the case we believe that the jury would have inevitably reached the same result if the judge had omitted the challenged instruction.[5] Thus, even if

---

[3] If there are multiple defendants, under Federal constitutional requirements the judge will have to give the instruction as to any defendant who requests it (see *Carter* v. *Kentucky*, 450 U.S. 288 [1981]), and should consult with counsel for any other defendant who objects to such a charge to see whether he really wishes reference to his client to be omitted from the charge which will have to be given on this subject.

[4] The instruction did not speak in terms of the defendant's right not to "incriminate" himself. Although we once impliedly approved a charge that referred to a defendant's "constitutional right not to incriminate himself" (*Commonwealth* v. *Morrissey*, 351 Mass. 505, 515 & n.5 [1967]), we might well take a different view of such language today. See *Commonwealth* v. *Sneed, supra* at 871. See also *Commonwealth* v. *Torres*, 17 Mass. App. Ct. 676, 677 (1984); *Commonwealth* v. *Powers, supra* at 773-774.

[5] Because there is no clear sense of prejudice or disadvantage to the defendant arising from the giving of the charge, it is not significant that the judge erroneously thought he had to give the charge, even over the defendant's objection,

we were to conclude that the defendant had the right under the State Constitution to have no instruction given concerning his failure to testify, the giving of that instruction, over the defendant's objection, was harmless error.

*Judgments affirmed.*

when in fact he had discretion not to give it. We have expressed a different view when a judge having discretion on a matter that could adversely affect a defendant in a significant way denies that he has that discretion and rules against a defendant. See *Commonwealth* v. *King, ante* 691 (1984) (discretion as to the admission of evidence of prior convictions).