COMMONWEALTH *vs.* DOYLE THOMPSON.

Worcester.   October 9, 1986. — November 7, 1986.

Present: GRANT, KASS, & WARNER, JJ.

*Practice, Criminal,* Instructions to jury, Request for jury instructions, New trial.

It was not reversible error for the judge in a criminal case to instruct the jury concerning the defendant's right not to testify, despite the defendant's written request that the judge not instruct the jury on this point, in circumstances where the request was not effectively brought to the judge's attention before the judge instructed the jury and where no prejudice from the concededly correct instruction was shown. [116-117]

INDICTMENTS found and returned in the Superior Court Department on February 7, 1985.

The cases were tried before *Herbert F. Travers, Jr., J.,* and a motion for a new trial was heard by him.

*Carlo A. Obligato,* Committee for Public Counsel Services, for the defendant.

*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.

WARNER, J. In *Commonwealth* v. *Buiel,* 391 Mass. 744, 746-747 (1984), the court announced, as "a statement of the law of the Commonwealth" for future cases, "that it will be reversible error if a judge instructs the jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given." The sole question presented by this appeal is whether the giving of such an instruction violated the rule of *Buiel.*

At the close of the evidence, there was a bench conference during which the defendant's requests for jury instructions were discussed. The requests were in the form set out in the appendix to this opinion. They consisted of three full typewritten pages, with a one and one-half line fourth page which also contained the signature of the defendant's counsel. On each of the first three pages there appeared a numbered request for instruction on a fundamental principle, headed by a title in upper case letters — "1. PRESUMPTION OF INNOCENCE," "2. REASONABLE DOUBT," "3. CREDIBILITY OF WITNESSES." On the top of page four, immediately following the requested instruction on credibility of witnesses on page three and without any number or caption, there appeared in the text only the following: "The defendant further requests that there be no mention of his failure to testify."

The judge read the three titles of the requests and glanced at the text. He then said to the defendant's counsel: *"Any of these requests deal with some particular statement or are they all boilerplate?"* (emphasis supplied). Counsel responded: "They are basically boilerplate, your Honor." The judge then noted: "I don't see any problem with any of them. I won't use the precise words. I would give the substance of them. All right. Anything else, gentlemen?" The defendant's counsel answered: "Nothing further."

In the beginning of his charge, the judge gave a concededly correct instruction on a defendant's right not to testify. See *Commonwealth* v. *Buiel, supra* at 746, 747 n.4; *Commonwealth* v. *Powers,* 9 Mass. App. Ct. 771, 774 (1980). At the conclusion of the charge, the defendant's counsel objected to the giving of that instruction. By then, of course, the charge could not have been corrected. The remarks of the judge and the prosecutor make clear that neither was aware of the request that the instruction not be given. Indeed, the judge said: "Oh, you should have called that to my attention. That's why I asked you, because of the time that was available, if any of those were anything other than boilerplate." The defendant's motion for a new trial on the ground of the giving of the instruction was denied.

Inherent in the right to present written requests for instructions and to rulings thereon, see Mass.R.Crim.P. 24(b), 378 Mass. 895-896 (1979), is the duty to bring the requests clearly to the judge's attention. Cf. *Commonwealth* v. *Matos,* 394 Mass. 563, 565 (1985); *United States* v. *Irwin,* 593 F.2d 138, 141 (1st Cir. 1979). In the peculiar circumstances of this case, we hold that obligation was not met. Therefore, we treat this as a case in which no request that an instruction on a defendant's right not to testify had been made.

We reach our conclusion by consideration of the form of the requests and of the colloquy which followed the judge's review of them. The three highlighted requests did indeed deal with "boilerplate," routine statements of principles fundamental to the determination of every criminal case. The single sentence on the fourth page containing the request at issue could be viewed as melded with the third request on the preceding page for an instruction on credibility of witnesses. The judge's statement that he would give the requests in substance but not in the precise words requested undoubtedly reflects his preference for familiar and tested modes of expression. In context, the judge's statement was a clear indication to the defendant's counsel that he was unaware of the request that an instruction not be given on a defendant's right not to testify. At that point, it was the responsibility of the defendant's counsel to bring the request to the attention of the judge.

Moreover, the judge had invited counsel's reference to that request when he said: *"Any of these requests deal with some particular statement or are they all boilerplate?"* (emphasis supplied). He was surely misled by counsel's response that they were "basically boilerplate." The request in question could not reasonably have been considered boilerplate. See *Commonwealth* v. *Buiel,* 391 Mass. 744 (1984). While we think the judge should have been more diligent, in these circumstances we conclude that the request was not effectively brought to the judge's attention[1] and there was no abuse of discretion in

---

[1] The problem could have been avoided had the judge followed what appears to be the better practice of the judge's initiating a discussion with

the giving of the instruction. See *Commonwealth* v. *Bumpus,* 362 Mass. 672, 681 (1972), judgment vacated and case remanded on other grounds, 411 U.S. 945 (1973), affd. on rehearing, 365 Mass. 66 (1974); *Commonwealth* v. *Buiel, supra* at 745.

At oral argument the defendant's counsel conceded that no prejudice can be shown from the giving of the instruction.[2] See *Commonwealth* v. *Buiel, supra* at 747. "The defendant's decision not to testify created the basic problem because of the jury's possible adverse reaction to his failure to deny the charges under oath." *Ibid.* Indeed, the red flag may have been waved by the defendant's counsel when, by a slip of the tongue in closing argument, he referred to the defendant's having "testified" and then corrected himself.

*Judgments affirmed.*

*Order denying motion for new trial affirmed.*

---

defense counsel as to whether the right not to testify is to be mentioned. See *Commonwealth* v. *Buiel, supra* at 746, and cases cited. See also the "suggestion" in *Commonwealth* v. *Powers,* 9 Mass. App. Ct. at 774, referred to in *Buiel, supra,* that "absent a request by the defendant or other special circumstances — any reference to the privilege against self-incrimination should be omitted from the charge."

[2] Where a proper request has been made that no such instruction be given, no prejudice need be shown under the rule of *Buiel.*

# APPENDIX.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                    SUPERIOR COURT DEPARTMENT
                                  NOS.

COMMONWEALTH

V.

DOYLE THOMPSON

### DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Now comes the defendant in the above-entitled matter and moves that this Honorable Court charge the jury as follows:

1. PRESUMPTION OF INNOCENCE

The defendant is presumed to be innocent. This legal presumption of his innocence is no mere idle theory to be cast aside by the jury through mere caprice, passion, or prejudice, and the defendant is not to be found guilty upon suspicion or conjecture but only upon evidence produced in court. The fact that the defendant has been arrested, held in custody or complained against is not to be regarded as a circumstance tending to incriminate the defendant or creating against him unfavorable impressions. An indictment is merely a piece of paper used to get the defendant before the court and to inform the defendant of the charges against him. A presumption is not evidence but is a rule which governs until sufficient evidence to the contrary appears. Commonwealth v. DeFrancesco, 248 Mass. 9 (1924).

-2-

2. REASONABLE DOUBT

The burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant is guilty of the charges made against him.

What is reasonable doubt? The term is often used and probably pretty well understood but not easily defined. It is not mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. Reasonable doubt is that state of the case, when, after the entire comparison and consideration of all of the evidence, the minds of the jurors are left in that condition that they cannot say they felt an abiding conviction to a moral certainty, of the truth of the charge. The burden of proof is upon the prosecutor. All the presumptions of law independent of evidence are in favor of innocence; and every person is presumed to be innocent until he is proved guilty. If upon such proof there is reasonable doubt remaining, the accused is entitled to the benefit of it by an acquittal. It is not sufficient to establish a probability, though a strong one arising from the doctrine of chances, that the fact charged is more likely to be true than contrary; but the evidence must establish the truth of the fact to a reasonable and moral certainty; a certainty that convinces and directs the understanding, and satisifies the reason and judgment of you the jurors who are bound to act conscientiously upon it. This we take to be proof beyond a reasonable doubt. Commonwealth v. Ferreira, 1977 Mass. Adv. Sh. 1594, 364 N.E. 2d 1264; Commonwealth v. Webster, 59 Mass. 295, 5 Cushing 295 (1850).

-3-

### 3.  CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact.  You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given their testimony. You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.  You are the sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth.

In determining the credibility of a witness and in determining the weight to be given his or her testimony you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see and to know the facts concerning which he is testifying, the accuracy of the witness's recollection, and the degree of intelligence shown by the witness.  You may also consider the witness's motive for testifying; and, of course, the interest or lack of interest the witness may have in the outcome of the case.  You should take into consideration the character and appearance of the witness at the trial, and any bias he has shown in his or her testimony in determining the credit to be given to his or her testimony.    Commonwealth v. Sebean, 275 Mass. 546, 176 N.E. 523 (1931); Commonwealth v. Mediros, 354 Mass. 193, 236 N.E. 3d 642 (1968).

Commonwealth *v.* Thompson.

−4−

The defendant further requests that there be no mention of his failure to testify.

Doyle Thompson,

By His Attorney:

_W. J. Harris_

W. Theodore Harris, Jr.
Committee for Public Counsel Services
340 Main Street, Suite #724
Worcester, MA 01608
(617) 791-9288