COMMONWEALTH *vs.* GLENWOOD E. DENSTEN. February 27, 1987. *Rape. Evidence,* Fresh complaint, Testimony before grand jury, Bias. *Practice, Criminal,* Argument by prosecutor.

After a jury trial in the Superior Court, the defendant was convicted of rape of a child under sixteen years of age (G. L. c. 265, § 23) and indecent assault and battery on a child (the same child) under fourteen years of age (G. L. c. 265, § 13B).

1. There was no abuse of discretion in the admission, as fresh complaint, of the testimony of the victim's mother concerning the description of the incident given to her seventeen days after the incident by the victim, a nine-year old special needs boy. See *Commonwealth v. Brenner,* 18 Mass. App. Ct. 930, 931-932 (1984), and cases cited. That evidence was admissible on both the rape and the indecent assault and battery charges. *Ibid.* We

decline the defendant's request that we abandon the doctrine of fresh complaint. See *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 239 (1973).

The defendant made no objection to the instructions on fresh complaint testimony given by the judge immediately after the mother's testimony and in his final charge. Our review, therefore, is confined to a determination whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). We conclude that there is no such risk. The judge forcefully instructed the jury that the fresh complaint testimony could only be considered to corroborate the victim's testimony and that any detail in the mother's testimony not contained in the victim's testimony could not be considered for any purpose. See *Commonwealth* v. *Bailey,* 370 Mass. 388, 392-397 (1976). Although, as the Commonwealth concedes, the judge's instructions could have been more explicit, we think, when read as a whole, they adequately conveyed to the jury that it was for them to determine whether the victim's complaint to his mother was made within a reasonable time. See *Commonwealth* v. *King,* 387 Mass. 464, 473 (1982). We are concerned "with the impressions . . . [the instructions] conveyed to a reasonable juror." *Commonwealth* v. *Simmons,* 11 Mass. App. Ct. 156, 163 (1981). *Commonwealth* v. *McMaster,* 21 Mass. App. Ct. 722, 727 (1986). After describing fresh complaint testimony, including that the complaint must be made "soon after the event," and its permissible use, the judge in his final instructions told the jury that it was for them to decide whether "to accept the testimony of fresh complaint." In his limiting instructions at the time of the testimony, the judge also made clear that it was the province of the jury "to say whether the evidence is to be accepted." The judge did not communicate to the jury his preliminary finding, see *Commonwealth* v. *McGrath,* 364 Mass. 243, 247 (1973), that the complaint was reasonably prompt.

There was no error in the admission of testimony of the mother that a friend of the victim told the victim "to tell me what happened that night." The testimony was not hearsay and, as the judge said, was offered merely to set the scene of the victim's account of the incident to his mother. The defendant refused the judge's offer of a limiting instruction to this effect. There is nothing in the defendant's argument that the testimony suggested that the friend witnessed the incident and thus bolstered the Commonwealth's case.

2. A witness, Melissa Mazzarella, equivocated in her trial testimony with respect to the defendant's opportunity to be in the presence of the victim. On that subject, however, she testified that she had read the grand jury minutes of her testimony, that they were accurate and that what she said there was true. The witness' grand jury testimony would permit the inference that the defendant had had sufficient opportunity to commit the crimes charged. There was no error in the admission of the grand jury testimony for its probative value for the reason, if no other, that the witness unequivocally adopted it. "If the witness affirms the truth of the prior state-

ment, he adopts it and no hearsay problem is presented." *Commonwealth* v. *Daye*, 393 Mass. 55, 67 n.13 (1984). See *United States* v. *Borelli*, 336 F.2d 376, 390-391 (2d Cir. 1964); *United States* v. *Klein*, 488 F.2d 481 (2d Cir. 1973); 4 Weinstein & Berger, Evidence, par. 801 (d) (1) (A) [02], at 801-112 to 801-113 (1984). We thus do not reach the questions whether the grand jury testimony would be admissible (1) under the rule as to the probative admissibility of prior inconsistent statements made to a grand jury announced in *Commonwealth* v. *Daye, supra* at 65-75, or (2) as past recollection recorded, a proposition as to which the Supreme Judicial Court expressed "serious doubt" in *Commonwealth* v. *Bookman*, 386 Mass. 657, 664-665 (1982).

3. There is no merit to appellate counsel's argument that trial counsel was prevented by the judge from inquiring as to the bias of the mother of the victim against the defendant. A review of the transcript reveals (and trial counsel ultimately conceded) that the excluded questions called for no evidence relevant to any bias of the mother towards the defendant. Rather, they appear to have called for responses which would reveal strained relations between the mother and her former husband, who did not testify.

4. We review the remarks of the prosecutor in his closing argument, to which the defendant made no objection, only to determine whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Daigle*, 379 Mass. 541, 549 (1980). We perceive no such risk. While the prosecutor could have been more precise in some of the remarks about which appellate counsel now complains, they appear (1) to constitute a plea to the jurors to set aside possible abhorrence of the crimes charged and (2) to be comments on the motivation of the defendant inferentially permissible from the evidence. See *Commonwealth* v. *Palmariello*, 392 Mass. 126, 132-136 (1984). Moreover, any excesses in the prosecutor's argument were corrected by the judge's forceful instruction to the jury that arguments of counsel were not evidence and that they should decide the case on the evidence and not on emotion (including "the lack of popularity of the crimes charged"), sympathy, prejudice, suspicion or speculation.

5. The defendant's final argument, that there was error in the portion of the judge's charge, to which the defendant made no objection, in which he told the jury that they were not responsible for any punishment which might follow from the defendant's conviction, is frivolous.

*Judgments affirmed.*

*Conrad W. Fisher* for the defendant.
*Lee Diane Flournoy*, Assistant District Attorney, for the Commonwealth.