COMMONWEALTH *vs.* JAMES C. GREEN, THIRD.

No. 87-1224.

Norfolk. April 7, 1988. — May 4, 1988.

Present: GREANEY, C.J., GRANT, & SMITH, JJ.

*Practice, Criminal,* Instructions to jury.

In a criminal case in which the defendant was convicted of rape and assault
and battery after a jury trial where the central issue was the credibility
of both the victim, who testified and claimed that she had been raped
and had been threatened with a gun she never saw, and the defendant,
who did not testify but told the police that he and the victim had smoked
marihuana together and engaged in consensual sex, the judge's personal
observations in his preliminary instructions to the jury venire that he
did not think witnesses intentionally lie, combined with his failure to
instruct the jury, despite a written request to do so, that no adverse
inference was to be drawn from the defendant's failure to testify, required
reversal of the defendant's convictions. [752-755]

INDICTMENTS found and returned in the Superior Court Department on May 21, 1986.

The cases were tried before *Robert S. Prince,* J.

*Diana L. Maldonado,* Committee for Public Counsel Services, for the defendant.

*Stephanie Martin Glennon,* Assistant District Attorney, for the Commonwealth.

GREANEY, C.J. The defendant was convicted of rape after a jury trial in the Superior Court. He was then sentenced.[1] We conclude that there must be a new trial.

---

[1] The defendant was also convicted on companion indictments for indecent assault and battery and assault and battery, which were placed on file with his consent and which are not before us. *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975).

The evidence presented in the Commonwealth's case could have warranted the jury in finding that the victim had voluntarily gone with the defendant in his car to look for the victim's brother, that the defendant later refused to take her home and that he threatened her with a gun (which she did not see). The Commonwealth's evidence could additionally have supported findings that the defendant forced her to perform fellatio and to have sexual intercourse. The evidence offered in the defendant's case could have warranted the jury in finding that the victim had gone for a ride with him and agreed to smoke some marihuana, that she agreed to have sex with him, and that she first willingly performed fellatio and then engaged in sexual intercourse. The trial, therefore, came down to a contest of credibility between the victim, who testified and claimed that she had been raped and threatened with a gun she never saw, and the defendant, who did not testify but told the police that he and the victim had smoked marihuana together and had engaged in consensual sex.

We agree with the defendant's contentions that (a) the judge's indication in his preliminary instructions to the jury venire that he did not think witnesses intentionally lie and (b) the judge's failure to instruct the jury, despite a written request to do so, that no adverse inference was to be drawn from the defendant's failure to testify, could have combined in the minds of the jurors improperly to prejudice his defense. Therefore we reverse.

The judge's indication to the jury venire in preliminary instructions that he personally did not believe that witnesses lied was objected to by the defendant's trial counsel, who made a motion that the jury venire be excused and another venire be brought to the courtroom. The defendant's counsel also disclosed to the judge that the defendant's entire case was based on the issue of consent, that "the defense must call [the victim] a liar because she has claimed to have been raped," and that "inadvertently your comments may have endorsed [the victim's] position." The judge denied the motion to excuse the venire, but indicated that he would instruct further. No further instructions were given on the issue of witness credibility until the closing jury instructions.

Preliminary instructions by a judge to a criminal jury venire may be considered in deciding whether the instructions as a whole were correct, proper and fair. See *Commonwealth* v. *Corliss*, 371 Mass. 266, 267 (1976). The judge's comment, although undoubtedly made in good faith, may have had the unfortunate effect of suggesting to the jurors that the victim's testimony should be found to be credible, despite the defendant's assertion that the victim had fabricated the accusations. There were instructions at the close of the case about the jury's role in deciding issues of credibility. We do not think those instructions effectively negated the impression that may have been created by the judge's comment at the outset of the case.

Moreover, the effect of the comment has to be considered in conjunction with the instruction given on the defendant's failure to testify. The defendant's trial counsel filed timely requests for jury instructions, which included request no. 13, which reads as follows:

> "The prosecution bears the burden of proving beyond a reasonable doubt every essential element of the crimes charged against Mr. Green. Mr. Green has absolutely no burden to introduce any evidence whatsoever, and you are to draw no adverse inference from the fact that he did not testify in this case. Your function is solely to determine whether or not the prosecution has proved beyond a reasonable doubt that Mr. Green in fact committed the crimes charged."

The judge instructed in language which differed from the requested instructions, as he had discretion to do. The judge failed, however, to advise the jury that no adverse inference should be drawn against the defendant because of his failure to testify. He added the following general comments about defendants who choose not to take the witness stand:

> "The provisions of the constitution and the statute were framed with a due regard to those who might prefer to rely upon the presumption of innocence, which the law

gives to everyone. And not wish to be a witness. It is not everyone who can safely venture onto the witness stand, although entirely innocent of the charge against him. Excessive timidity, nervousness when facing others, and attempting to explain transactions of a suspicious character and offenses charged against him will often confuse and embarrass a person to such a degree as to increase rather than remove prejudices."

The defendant's counsel moved for a mistrial based upon the latter language. The motion was denied.

The United States Supreme Court has held "that a state trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify." *Carter* v. *Kentucky*, 450 U.S. 288, 305 (1981). This court has stated that language about the defendant's right to remain silent "does not avoid the necessity for such an instruction. The proscription against drawing adverse inferences from a defendant's failure to testify on his own behalf is not a necessary corollary of his constitutional right to remain silent. It is a related but distinct proposition, evidenced by the fact that, prior to *Griffin* v. *California*, 380 U.S. 609 (1965), it was permissible in several States for courts to charge juries that a defendant had a constitutional right not to testify but that the jury could draw any inference it thought proper from his exercise of that right." *Commonwealth* v. *Torres*, 17 Mass. App. Ct. 676, 677 (1984). "If a defendant does not testify a [j]udge must be very careful in regard to the instructions to the jury on this point and even an unintended suggestion that might induce the jury to draw an unfavorable inference is error." Smith, Criminal Practice and Procedure § 1874 (1983).

We agree with the Commonwealth that the defendant's trial counsel did not object with precision to the omission of "no adverse inference" language from the instruction. We think, however, that the conjunction of (a) the judge's personal observations in the preliminary instructions that have been discussed previously and (b) the instruction given on the defendant's elec-

tion not to testify, which failed to caution the jury not to draw an adverse inference from the defendant's election not to testify and which contained the language quoted above, could have led the jury to conclude that the victim's testimony was to be believed, despite the defendant's claim that her testimony about the use of force was fabricated. Moreover, the combination of the judge's opening remark and the failure to instruct as requested may have suggested to the jury that the defendant could not have taken the witness stand without lying. In a case which boiled down exclusively to an issue of credibility, and in which "the defendant was the only person in a position to contradict any of the Commonwealth's witnesses," *Commonwealth* v. *Delaney*, 8 Mass. App. Ct. 406, 410 (1979), a new trial is necessary to ensure that justice is done. We are not persuaded otherwise by the arguments of the Commonwealth.

The judgment on indictment no. 83218 is reversed and the verdict on that indictment is set aside.[2]

*So ordered.*

---

[2] The defendant, on request made to the Superior Court within thirty days from the date of this order, may also have a new trial on indictment no. 83219 for indecent assault and battery and on indictment no. 83220 for assault and battery. These indictments were placed on file. See *Commonwealth* v. *Ragonesi*, 22 Mass. App. Ct. 320, 326 n.8 (1986).