COMMONWEALTH *vs.* JERALD M. HODSON. No. 90-P-1521. September 28, 1992. *Rape. Practice, Criminal*, Comment by judge, Instructions to jury, Assistance of counsel. *Evidence*, Fresh complaint.

In preliminary remarks to the jury, the trial judge stated the following: "Now, very, very, very seldom does it really ever happen that anyone comes [into the courtroom] and intentionally lies. Believe it or not, it does not happen. It happens maybe in Perry Mason or some Columbo story where the witness out-and-out lies, but it doesn't really happen. There are witnesses who are mistaken, but they very seldom lie. So you will be looking for someone who is mistaken rather than searching out for a lie because it probably isn't there."

In an otherwise errorless trial in the Superior Court, these carelessly uttered words can only be described as "better left unsaid." See and compare *Commonwealth* v. *Green*, 25 Mass. App. Ct. 751, 753-754 (1988).

On appeal from his conviction of rape, the defendant forcefully asserts that the circumstances of this case are controlled by the reasoning and result of *Green*, a case where this court reversed the defendant's conviction based on the combined effect of similar improper preliminary remarks and inadequate closing instructions by the trial judge. *Id.* at 754-755. The defendant's reliance on *Green* is misplaced because that case is logically and factually distinguishable; no such combination of deficiencies is present here. The defendant, unlike the defendant in *Green*, did not object to the judge's comments nor did he move for a mistrial. Also, unlike *Green*, because the defendant here did testify, the questions whether it was reversible error for the judge to refuse to instruct the jury, in substantial accord with the defendant's request (e.g., "draw no adverse inference"), regarding his failure to testify, or to give instructions which may have cast suspicion on the defendant for not testifying, are not germane. Thus, this defendant's claim is reduced to the question whether he can show that the judge's comments created a substantial risk of a miscarriage of justice. We think that the defendant has made no such showing. In the instant case, the judge's preliminary remarks included, as well, instructions concerning the jurors' role in assessing the credibility of the witnesses and his instructions at the close of the case made clear — without repeating the challenged language — that they were the sole judge of credibility.

The defendant also challenges the judge's instructions regarding the fresh complaint doctrine. That claim is likewise unavailing. Although the judge omitted from his contemporaneous limiting instructions on fresh complaint evidence the admonition suggested by the defendant that "this testimony cannot be accepted at all if the jury does not consider the account offered to have been received by the witness in a timely fashion," we conclude that there was no reversible error, for the reason, among others,[1] that the judge's final charge adequately conveyed to the jury that it was for them to determine whether the victim's complaint to a woman friend was made within a reasonable time. Compare *Commonwealth* v. *Densten*, 23 Mass. App. Ct. 981, 982 (1987).

As to the defendant's claim of ineffective assistance of trial counsel based on counsel's failure to make objections in the two instances discussed above, we need say only that it has not been made to appear that "better work might have accomplished something material for the defense," *Com-*

---

[1] We note in passing that the defendant did not object to the judge's failure to give the limiting instruction.

*monwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977), or that his counsel's actions "resulted in forfeiture of a substantial defense." *Commonwealth* v. *Sellon*, 380 Mass. 220, 227 (1980). In this light, we conclude that neither of the defendant's asserted deficiencies in the performance of his trial counsel, individually or in the aggregate, would "likely to have made a difference in the result." *Commonwealth* v. *Anderson*, 398 Mass. 838, 839 (1986). See *Commonwealth* v. *Satterfield*, 373 Mass. at 115 & n.10. Contrast *Commonwealth* v. *Cancel*, 394 Mass. 567, 576 (1985).

*Judgment affirmed.*

*Suzanne Rudalevige* for the defendant.

*Elspeth B. Cypher*, Assistant District Attorney, for the Commonwealth.