Following a jury trial in District Court, the defendant, James M. Blake, was convicted of operating under the influence of intoxicating liquor, second offense. On appeal, he claims error in (1) the judge's instructions to the jury; (2) the prosecutor's redirect examination of a police witness; and (3) the prosecutor's closing argument. We affirm.
Background. On May 8, 2014, at approximately 9:30 P.M. , Massachusetts State police Trooper Christopher Bowers was driving on I-495 northbound in Hopkinton when he observed a Toyota pickup truck speeding in the far left lane. Bowers followed the pickup truck for a quarter of a mile and estimated the speed at 110 miles per hour. He activated his emergency lights and attempted to stop the pickup truck. The driver, later identified as the defendant, continued to travel at 110 miles per hour for approximately another half a mile. He then moved to the middle travel lane, reduced his speed to thirty miles per hour, and continued for another mile. The defendant finally moved over to the breakdown lane and stopped. Bowers approached the passenger side of the defendant's pickup truck and had to knock several times on the window to get the defendant's attention. When the defendant rolled down his window, Bowers detected a strong odor of alcohol coming from the pickup truck and the defendant's person. Bowers asked the defendant where he was coming from and where he was traveling to. The defendant answered that he was coming from Foxboro and driving to Wareham. However, to reach Wareham from Foxboro, the defendant needed to take I-495 South, not North. The defendant did not know that he was in Hopkinton when he was stopped. When asked whether he had been drinking, the defendant said that he had consumed alcoholic beverages with his friends at Foxboro. Bowers noticed that the defendant's speech was slurred and slow, his eyes were red and glassy, and his breath smelled like alcohol. As the defendant got out of the pickup truck, he was unsteady and had to use the pickup truck for balance. He also needed to lean on it to walk to the rear. After making these observations, Bowers formed the opinion that the defendant was intoxicated and placed him under arrest.
Bowers transported the defendant in his cruiser to the State police barracks in Millbury. Once the defendant was placed in the cruiser, the cruiser's cabin started to smell like alcohol. After the defendant was booked and photographed, he was placed in a cell. After the defendant's bail was posted, Bowers went inside to release the defendant. He found the defendant asleep on the bench and it took several attempts by Bowers and another officer to wake him. It also took the defendant several minutes to leave the cell because he repeatedly tried to put on a shirt, failed, and eventually carried it out of the cell with him.
The defendant did not present any witnesses. Instead, he focused on the fact that the trooper did not observe any erratic operation, other than speeding, and that the defendant was not charged with negligent operation.
Discussion. 1. Jury instruction. The defendant claims that it was error for the judge to instruct the jury not to draw an adverse inference from the defendant's silence, without a specific request for such an instruction. Because the record does not indicate whether the defendant objected to the judge's jury instructions,[2] we review to determine whether there was error, and whether it gave rise to a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).
The defendant's claim is unavailing as it is well-settled law that a judge may instruct the jury to draw no adverse inference from a defendant's decision not to testify regardless of the defendant's request for such an instruction or lack thereof. See Commonwealth v. Rivera, 441 Mass. 358, 370-371 (2004). The defendant's reliance on Commonwealth v. Buiel, 391 Mass. 744, 746-747 (1984), is misplaced, as the Supreme Judicial Court noted that the "Buiel rule" contravenes the proposition that "even 'constitutional errors can be harmless beyond a reasonable doubt.' " Rivera, supra at 370, quoting from Commonwealth v. Owens, 414 Mass. 595, 603 (1993). Even if the record at sidebar was available for us to review and the charge conference demonstrated that the defendant specifically requested that the judge refrain from giving such an instruction, the outcome would be the same.[3]
2. Redirect examination of Trooper Bowers. The defendant claims, for the first time on appeal, that it was error for the prosecutor to question Bowers on redirect examination about other road side stops in which he did not arrest the driver. He claims that the questions essentially allowed Bowers to vouch for his own credibility. As the defendant did not object to the testimony that he now challenges, we address this argument under the substantial risk of a miscarriage of justice standard. See Alphas, supra.
It is a fundamental principle that a "witness cannot be asked to assess the credibility of his testimony or that of other witnesses." Commonwealth v. Dickinson, 394 Mass. 702, 706 (1985). We are not persuaded that Bowers improperly vouched for his own credibility nor do we believe that, if there is error, his testimony created a substantial risk of miscarriage of justice. Bowers testified during redirect examination that in his career he had conducted countless pickup truck stops and not all of these stops resulted in arrests, but this one did. Bowers also testified that he arrested the defendant based on his observations and interaction with the defendant that night. The testimony on redirect examination was in response to the pointed cross-examination by defense counsel that highlighted that Bowers did not observe any erratic driving behaviors that would indicate that the defendant was intoxicated.[4] See Commonwealth v. Ortega, 441 Mass. 170, 180 n.17 (2004) (prosecutor entitled to elicit testimony to counter claims raise by defense). Passing on the question whether the redirect examination was error, the Commonwealth presented a strong case against the defendant. As such, the defendant cannot establish that this testimony materially influenced the jury's verdict. See Commonwealth v. Lampron, 65 Mass. App. Ct. 340, 344 (2005).
3. The Commonwealth's closing argument. The defendant claims the prosecutor's closing argument was improper as the prosecutor vouched for the trooper's credibility and improperly commented on the defendant not testifying at trial. We disagree. "Improper vouching occurs if 'an attorney expresses a personal belief in the credibility of a witness, or indicates that he or she has knowledge independent of the evidence before the jury.' " Ortega, supra at 181, quoting from Commonwealth v. Wilson, 427 Mass. 336, 352 (1998). However, "the prosecution is entitled to argue from the evidence that its witnesses were credible." Commonwealth v. Dixon, 425 Mass. 223, 232 (1997). Here, the prosecutor merely repeated what Bowers testified to during redirect examination. She did not express any personal opinions as to Bowers's credibility. Contrast Commonwealth v. Williams, 450 Mass. 894, 904 (2008) (where prosecutor referred to his own personal belief in credibility of witness, claiming that he took same route as witness and it was very route that witness testified to, thereby "amount[ing] essentially to prosecutorial verification"). Also, "the absence of objection from defense counsel further convinces us that, taken in the context, the remark would not likely have misled the jury or prejudiced [the defendant]." Commonwealth v. Raymond, 424 Mass. 382, 392 (1997).
The prosecutor did not comment on the defendant's silence at trial. Rather, she commented on the brevity of the trial in response to the defendant's closing argument, in which he repeatedly attributed the length of the trial to the lack of evidence presented by the Commonwealth. See Commonwealth v. Brewer, 472 Mass. 307, 315 (2015) (prosecutor entitled to respond fairly to arguments made by defendant).
Judgment affirmed.

A sidebar prior to the final charge was not transcribed. The posttrial motion to reconstruct the sidebar conference was unsuccessful as the attorneys and the judge could not specifically recall the content of the conversation during the sidebar. While trial counsel indicated that he generally does not request an adverse inference instruction, "[e]rrors that are not disclosed by the record afford no basis for reversal." Arch Med. Assocs. v. Bartlett Health Enterprises, Inc. 32 Mass. App. Ct. 404, 406 (1992).

The Commonwealth presented a strong case against the defendant and if there was error, it was not significant enough for the outcome to be different. See Commonwealth v. Freeman , 352 Mass. 556, 563-564 (1967).

While we conclude that the prosecutor's redirect examination did not give rise to a substantial risk of a miscarriage of justice, a more careful and case specific line of questioning is preferable.