After a jury trial, the defendant, Mickal Lacaze, was found guilty of stalking, G. L. c. 265, § 43(a ), and intimidation of a witness, G. L. c. 268, § 13B. The defendant was acquitted of two counts of threatening to commit a crime, G. L. c. 275, § 2. On appeal, the defendant argues that the trial judge's failure to provide the jury with a "no adverse inference" instruction constituted reversible error. The defendant further argues that the judge erred by admitting electronic mail messages (e-mails) written by the defendant in evidence and failing to instruct the jury that they must find by a preponderance of the evidence that the defendant authored the e-mails. Finally, the defendant argues that the Commonwealth bolstered its case by improperly eliciting certain testimony from one of its witnesses and that defense counsel's failure to object to the testimony of the Commonwealth's witness amounted to ineffective assistance of counsel. For the reasons that follow, we affirm.
Background. Based on the evidence, the jury could have found the following facts.
The defendant's employment with H & R Block was terminated in 2010. In March, 2014, the defendant's former H & R Block manager (manager) received a series of threatening e-mails from the defendant and reported the incident to the police. The defendant was subsequently arraigned on charges of threatening to commit a crime and stalking. After his arraignment on those charges, the defendant sent the manager further threatening e-mails. Those e-mails were forwarded to the police, and another complaint issued charging the defendant with witness intimidation and another count of threatening to commit a crime. The defendant was ultimately convicted of stalking and witness intimidation.
Discussion. 1. "No adverse inference" instruction. After the trial judge recited the jury instructions following closing arguments, the defendant requested at sidebar that the trial judge further provide the jury with a "no adverse inference" instruction based on the defendant's decision to not testify in his own defense. The judge stated that he would give the appropriate instruction, but then failed to do so. The defendant did not object or otherwise bring this omission to the judge's attention.
"When a defendant requests an instruction regarding his election not to testify, the trial judge must give an instruction that minimizes the risk that the jury will draw an adverse inference from his election." Commonwealth v. Botelho, 87 Mass. App. Ct. 846, 848 (2015). The judge's failure to provide the jury with such an instruction therefore constituted error. Because the defendant failed to object to the judge's omission, we review to determine whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 544 (2008). In determining whether the failure to give a jury instruction requested by the defendant created a substantial risk of a miscarriage of justice, we consider "whether the Commonwealth presented a strong case against the defendant," and "whether the error is sufficiently significant in the context of the trial to make plausible an inference that the [jury's] result might have been otherwise but for the error." Botelho, supra at 851 (quotation omitted).
Here, the evidence supporting the guilty verdicts was strong. The defendant alluded to killing the manager numerous times in the e-mails admitted in evidence. The defendant also referenced the manager's participation in the criminal case against him, stating that the manager should "mind [her] manners in court" because he may "lose control of [him]self and beat the shit out of [the manager]." The manager testified that she felt threatened by the e-mails and that they made her very upset.
The error also was not significant in the context of the trial. The jury found the defendant not guilty of two counts charging him with threatening to commit a crime. Moreover, the judge, in his instructions to the jury, stated that the defendant was not required to prove his innocence or produce any evidence because the burden of proof is entirely on the Commonwealth.
The defendant's reliance on Commonwealth v. Green, 25 Mass. App. Ct. 751 (1988), and Botelho, supra, is misplaced. In Green, supra at 752, 754-755, the prejudice created by the judge's failure to provide the jury with a "no adverse inference" instruction was compounded by the judge's improper remarks indicating that he did not believe that witnesses intentionally lie. Likewise, in Botelho, supra at 853, the prejudice created by the judge's failure to provide the jury with a "no adverse inference" instruction was aggravated by the prosecutor's statements during closing arguments that "served to focus the jury's attention on the defendant's failure to testify." Here, no other error "exacerbated the prejudice attendant to the judge's failure to give the adverse inference instruction." Ibid. Based on the foregoing, we conclude that there was no substantial risk of a miscarriage of justice.
2. E-mail authentication. A voir dire was held prior to trial to authenticate the e-mails that the Commonwealth sought to introduce in evidence. The e-mails were sent from an e-mail address containing the defendant's name and were signed with the defendant's name. The manager testified that the defendant was associated with the sender's e-mail address and that the defendant knew the manager's e-mail address from his prior employment with H & R Block. The manager further testified that the defendant referenced his employment with H & R Block, as well as the circumstances surrounding his termination, in the e-mails. She also testified that the defendant mentioned two other H & R Block employees, both of whom worked with the defendant, by name in the body of an e-mail.
Before admitting in evidence an electronic communication purportedly authored by a defendant, the trial judge must first "determine whether the evidence was sufficient for a reasonable jury to find by a preponderance of the evidence that the defendant authored the e-mails." Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). "Evidence that the defendant's name is written as the author of an e-mail or that the electronic communication originates from an e-mail ... that bears the defendant's name is not sufficient alone to authenticate the electronic communication as having been authored or sent by the defendant.... There must be some 'confirming circumstances' sufficient for a reasonable jury to find by a preponderance of the evidence that the defendant authored the e-mails." Id. at 450. See Mass. G. Evid. § 901(b)(11) (2018).
The confirming circumstances presented in this case were sufficient for the trial judge to conclude by a preponderance of the evidence that the e-mails were sent by the defendant. The testimony of the manager indicated that the defendant was associated with that e-mail address, and that the defendant knew the manager's e-mail address from his previous employment at H & R Block. As the manager testified, the e-mails themselves discuss the circumstances and timing of the termination of the defendant's employment, and name specific H & R Block employees that he worked with during his tenure with the company. This evidence served to establish by a preponderance of the evidence that the defendant authored the e-mails, and the e-mails were properly submitted to the jury.
The defendant further argues that the judge erroneously failed to instruct the jury that they must find that the defendant authored the e-mails by a preponderance of the evidence. While the judge should have given such an instruction, we conclude that the omission did not give rise to a substantial risk of a miscarriage of justice. See Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 759 n.8 (2016).
3. Bolstering of a Commonwealth witness. The defendant argues that the Commonwealth improperly bolstered its case by presenting the testimony of Detective Moy, the Boston police detective assigned to investigate the case. Detective Moy testified that he sought a criminal complaint against the defendant after receiving a report that the defendant sent threats to the manager and reviewing the e-mails. Detective Moy stated that the defendant was arraigned on that complaint in May, 2014. Detective Moy went on to testify that he applied for an additional complaint against the defendant after he was forwarded further e-mails received by the manager after the defendant's initial arraignment.
There is no merit to the defendant's contention that Detective Moy's testimony improperly bolstered the Commonwealth's case. Detective Moy's testimony was necessary for the Commonwealth to establish that a criminal proceeding was initiated against the defendant at the time he threatened the manager, for the purposes of proving the elements of intimidating a witness. See G. L. c. 268, § 13B ; Instruction 7.360 of the Criminal Model Jury Instructions for Use in the District Court (2014). Because Detective Moy's testimony was properly admitted, the defendant's claim that defense counsel was ineffective for not objecting to that testimony must also fail. See Commonwealth v. Eddington, 71 Mass. App. Ct. 138, 147 (2008).
Judgments affirmed.