164 N.J. Super. 27 (1978)
395 A.2d 549
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GERALD MC NEIL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1978.
Decided November 29, 1978.
*28 Before Judges PRESSLER and KING.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Ms. Harriet J. London, designated attorney, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Mark Paul Cronin, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KING, J.A.D.
Defendant McNeil and his codefendant Ethridge were indicted for the armed robbery of the manager of the Olden Cinema in Trenton on September 1, 1974. The case was tried to a jury in the spring of 1976 and both *29 defendants were found guilty and received State Prison sentences. Defendant McNeil appeals, claiming error in the judge's charge.
At the close of the State's case the trial judge asked defense counsel if they had consulted with their clients as to whether they chose to testify in their own defense. The judge explained to counsel that if a defendant chose not to testify he would ask each defendant if he wanted the standard instruction on the constitutional right of a defendant in a criminal case to remain silent and not suffer any adverse inference from the election not to testify.
Defendant McNeil told the judge that he elected not to testify. McNeil and his defense counsel then told the judge they did not want any instruction on McNeil's election not to testify. Codefendant Ethridge also chose not to testify but personally told the judge that he wanted the charge. When confronted with this dilemma the judge said, "All right. Then I'll charge that on your [Ethridge's] behalf, and I will not mention it on Mr. McNeil's behalf."
The judge then delivered the standard jury instruction appropriate to the crimes charged in the indictment, including the criminal burden of proof and the absence of any burden on a defendant to call witnesses, prove his innocence, or prove someone else committed the crime. The judge gave the following instruction pursuant to defendant Ethridge's request:
Members of the jury, it is the constitutional right of a defendant to remain silent. Defendant, Willie D. Ethridge, chose not to be a witness and, therefore, elected to exercise that right. I charge you that you are not to consider, for any purpose, or in any manner in arriving at your verdicts, the fact that Defendant, Ethridge, did not testify. Nor should that fact enter into your deliberations, or discussions, in any manner, or at anytime. A defendant is entitled to have a jury consider all of the evidence, and he is entitled to the presumption of innocence, even if he does not testify as a witness. Therefore, you may not draw any inference of guilt from the fact that Defendant, Willie Ethridge, did not testify in this matter.
*30 At the proper time McNeil's counsel made the following objection to the charge.
I take exception, of course, to the portion of your charge that dealt with the comment on the failure of the defendant to take the stand. Of course, I understand that you only made it for Ethridge, but it was said. Out of the presence of the jury, I had told you that I wanted no comment. And you made no comment, but the comment was made. You couldn't help it, I imagine, but I still would take exception to it.
The trial judge refused to modify his jury instruction.
Defendant McNeil now contends that the instruction as given infringed on his constitutional right not to testify and not to be penalized by his silence. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); State v. Lanzo, 44 N.J. 560 (1965). Of course, no direct judicial comment was made on McNeil's silence; but he contends the only implication the jury could draw from the charge as given was one of adverse comment on his exercise of the privilege.
Our Supreme Court has noted that "Lawyers seem unable to agree upon whether a trial judge should say something with respect to a defendant's failure to testify." State v. DeStasio, 49 N.J. 247, 252 (1967). The routine solution to the problem has been formalized in recent years by the model criminal jury charge circulated by the Administrative Office of the Courts and set forth in the margin in full.[1]
*31 The dilemma posed to the trial judge in the present case could only have been resolved in one of two ways. He could have either given the charge as to both defendants over McNeil's objection or proceeded as he did to isolate the charge nominally to defendant Ethridge alone. To refuse Ethridge's request for the charge would have been clear constitutional error. State v. Smith, 100 N.J. Super. 420 (App. Div. 1968).
We conclude that defendant McNeil's predicament is more his own making than the law's. Once he knew that Ethridge had requested and would obtain the instruction the wiser course would have been for McNeil to also opt in favor of the charge. He had no constitutional right to deny his codefendant the instruction. And we now know, since the decision of the United States Supreme Court in Lakeside v. Oregon, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), decided in March of this year, that McNeil had no constitutional right to resist the instruction. In that case the Supreme Court held that a jury charge on the defendant's right not to testify, given over his objection, was not a violation of his Fifth Amendment rights. Justice Stewart stated (435 U.S. at 339, 98 S.Ct. at 1095): "It would be strange indeed to conclude that this cautionary instruction violates the very constitutional provision it is intended to protect."
Obviously, since Lakeside v. Oregon, any trial judge now faced with the dilemma of codefendants exercising contrary options may confidently proceed to give the charge as to all defendants and remain free from constitutional error. At the *32 time the instant case was tried the question was not free from doubt. See the conflicting authorities collected in Lakeside v. Oregon, supra, fn. 3, 435 U.S. 333 at 336, 98 S.Ct. 1091, 55 L.Ed.2d 319 of Justice Stewart's majority opinion and fn. 10 of Justice Stevens' dissenting opinion 435 U.S. at 348, 98 S.Ct. 1091. See also, e.g., United States v. Kelly, 349 F. 2d 720, 769 (2 Cir.1962), cert. den. 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966), where the Second Circuit held that instructing as to both defendants was not constitutional error where, as here, one defendant opted for and one against the instructions.[2]Cf. United States v. Garguilo, 310 F.2d 249 (2 Cir.1962) (no constitutional error to give the instruction in the absence of a specific request).
We cannot label the course taken by the trial judge in this case as reversible error. Given the uncertainty of the law at the time of the instruction, coupled with defendant's obstinate persistence in refusing the charge to which his codefendant had a constitutional right, any harm from the judge's instruction was invited upon defendant by himself. Defendant's claim that the instruction as to defendant Ethridge's right to remain silent constituted an adverse comment on his own Fifth Amendment right is unimpressive. Defendant had the power to neutralize any such implication by joining in the request. He apparently chose instead to attempt to invite error and gamble on a reversal on this appeal.
*33 Trial error which is "induced, encouraged or acquiesced in or consented to" by the defense is ordinarily not the basis for reversal unless of such magnitude as to "trench directly upon the proper discharge of the judicial function." State v. Harper, 128 N.J. Super. 270, 277-278 (App. Div. 1974), certif. den. 65 N.J. 574 (1974). Such is not the present case. To accept defendant's contention would, as stated by then Judge Griffin Bell in his "specially concurring" opinion in DeLuna v. United States, 308 F.2d 140, 155, 1 A.L.R.3d 969, 988 (5 Cir.1963), concerning a related subject, "eliminate joint trials, or vest in a defendant the right to a mistrial during final arguments, or in the alternative create built-in reversible error, all in the discretion of the defendants. The law contemplates no such end." Id. at 156. See also, State v. Guibilio, 139 N.J. Super. 251, 257 (Law Div. 1976).
Defendant's second point on this appeal, that his counsel was incompetent, is patently frivolous. R. 2:11-3(e) (2).
Affirmed.
NOTES
[1] ELECTION NOT TO TESTIFY (To be used only when requested by defendant)
It is the constitutional right of a defendant to remain silent. The defendant in this case chose not to be a witness, and therefore elected to exercise that right.
I charge you that you are not to consider for any purpose or in any manner in arriving at your verdict, the fact that the defendant did not testify, nor should that fact enter into your deliberations or discussions in any manner or at any time.
A defendant is entitled to have a jury consider all of the evidence and he is entitled to the presumption of innocence even if he does not testify as a witness. Therefore, you may not draw any inferences of guilt from the fact that the defendant did not testify.
(NOTE: The defendant's individual consent to giving this charge should be obtained.
Ordinarily this can be discussed with the defendant and his counsel at the end of the State's case when the Court is in the process of explaining to the defendant his right to make an election as to whether or not he wishes to testify and the ramifications thereof.)
[2] Other federal cases in agreement with United States v. Kelly, supra, are United States v. Williams, 172 U.S. App. D.C. 290, 295, 521 F.2d 950, 955 (1975); United States v. Goble, 512 F.2d 458, 470 (6 Cir.1975); United States v. Epperson, 485 F.2d 514, 516 (9 Cir.1973); United States v. Schroeder, 433 F.2d 846, 851 (8 Cir.1970), cert. den., 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971); United States v. Russo, 413 F.2d 432, 434 (2 Cir.1965). The rationale of these cases is that a defendant has a right to have the jury instructed in this regard which overrides the tactical decision of a co-defendant to object to the charge.