888 A.2d 633

COMMONWEALTH of Pennsylvania, Appellee

v.

Miguel GARCIA, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 17, 2005.

Decided Dec. 27, 2005.

Mitchell S. Strutin, Philadelphia, for Miguel Garcia, appellant.

Hugh J. Burns, Philadelphia, for the Com. of PA, appellee.

BEFORE: CAPPY, C.J., CASTILLE, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Chief Justice CAPPY.

This court granted a limited appeal to consider the propriety of the trial court's decision to give a "no adverse inference" instruction in a multi-defendant case when one defendant requests the instruction and the other defendant requests that the instruction not be given.[1] The Superior Court concluded that the trial court should give the instruction under these circumstances. For the reasons stated herein, we affirm.

Appellant, Miguel Garcia, and his co-defendant at trial, Antonio Lambert, were arrested and charged in relation to the killing of Mary Edmond.[2] Following the presentation of the Commonwealth's case,[3] the parties discussed with the court whether a "no adverse inference" instruction should be given.

1. The "no adverse inference" instruction makes clear that it is the defendant's decision whether to testify in a particular case and instructs the jury that it cannot "draw any inference of guilt, or any other inference adverse to the defendant, from the fact that [he][she] did not testify." Pennsylvania Standard Criminal Jury Instructions, 3.10A.

2. The facts underlying the current convictions are not relevant to the instant appeal and can be found at *Commonwealth v. Garcia,* 847 A.2d 67 (Pa.Super.Ct.2004).

3. Neither defendant presented any evidence in his defense.

N.T., 6/10/2002, at 10–14. Appellant requested that a "no adverse inference" instruction not be given and Lambert requested that the instruction be given. The trial court gave the instruction, charging the jury as follows:

> Ladies and gentlemen, it is entirely up to each defendant in every criminal trial whether or not to testify. Each defendant has an absolute right founded on the Constitution to remain silent. You must not draw any inference of guilt or any other inference adverse to a defendant from the fact that he did not testify.

N.T. 6/10/2002, at 23–24. Following the instruction, Appellant stated that he did not have any exceptions to the charge given by the trial court. *Id.* at 55.

The jury found Appellant guilty of second-degree murder, robbery, and criminal conspiracy. The trial court sentenced Appellant to life in prison for the murder conviction and a concurrent term of five to ten years of imprisonment on the conspiracy charge.[4]

On appeal, the Superior Court affirmed the judgment of sentence. *Garcia, supra.* In his appeal to the Superior Court, Appellant raised numerous issues, including the challenge to the trial court's decision to give the "no adverse inference" charge. The Superior Court rejected Appellant's challenge, explaining that the trial court was confronted with two alternatives, either to "violate the constitutional rights of the defendant who requested [the charge]" or to sever the trials after the Commonwealth had presented its case and the defendants had "made their strategic decisions concerning whether to testify and whether to request the 'no adverse inference' instruction." *Id.* at 74. When faced with these competing concerns, the court concluded that the co-defendant's "constitutional right to have the instruction read trumped Appellant's strategic request that it not be read." *Id.* at 75. Accordingly, the court affirmed the trial court's decision to the give the charge.

---

4. The court concluded that the robbery conviction merged with the second-degree murder conviction for purposes of sentencing. N.T., 6/10/2002, at 95–96.

Following the Superior Court's decision, Appellant filed a Petition for Allowance of Appeal. This court granted Appellant's Petition, limited to the following question:

> Is it error for the trial court to give a "no adverse inference" instruction in a multiple-defendant trial where one defendant requests the instruction and the other defendant waives his or her right to the instruction?

*Commonwealth v. Garcia*, 580 Pa. 12, 858 A.2d 1161 (2004). The court further directed the parties to address the impact of *Commonwealth v. Edwards*, 535 Pa. 575, 637 A.2d 259 (1993), which held that a trial court's decision to give a "no adverse inference" instruction over a defendant's objection in a single defendant case amounted to *per se* reversible error.[5] *Garcia*, 858 A.2d at 1161.

In support of his position, Appellant contends that the trial court committed *per se* reversible error by giving the "no adverse inference" instruction when he specifically requested that the charge not be given. According to Appellant, the Superior Court ignored the fact that under *Edwards*, he has a constitutional right not to have the instruction read to the jury, that *Edwards* must be followed in a multi-defendant case, and that following *Edwards*, if such an instruction is given after such a request, it constitutes *per se* reversible error. Alternatively, Appellant offers two solutions to avoid a conflict with *Edwards* in a multi-defendant case; he proposes that the trial court can either make clear that the instruction only refers to the defendant who requested the instruction, or the court can sever the cases solely for purposes of instructing the jury.

The Commonwealth responds that this issue was waived when Appellant failed to object to the charge as required by Rule 647(b) of the Pennsylvania Rules of Criminal Procedure.[6]

---

**5.** This author filed a concurring and dissenting opinion in *Edwards*, arguing against the imposition of a *per se* rule.

**6.** Rule 647(B) provides that:

> No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury

Alternatively, the Commonwealth argues that the trial court was required by the United States and Pennsylvania Constitutions to give the instruction when it was requested by Lambert. *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981); *Commonwealth v. Lewis*, 528 Pa. 440, 598 A.2d 975 (1991). The Commonwealth points out that giving such an instruction over the objection of a defendant does not violate the United States Constitution. *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). Furthermore, the rule announced in *Edwards* was of non-constitutional dimension and only applies in a case involving a single defendant. The Commonwealth urges this court to reverse *Edwards*, arguing that the basis for the rule announced in *Edwards* has been eroded. Lastly, in the event that this court does not overrule *Edwards* in its entirety, the Commonwealth argues that, at the very least, the *per se* rule announced in *Edwards* should be reversed, and this court should consider Appellant's claim under a harmless error standard. Applying such a standard in this case, the Commonwealth concludes that any such error was harmless.

■ Turning first to the Commonwealth's contention that the issue in this case was waived when Appellant failed to object to the charge as required by Rule 647(b), the response to this argument is controlled by our recent decision in *Commonwealth v. Pressley*, 584 Pa. 624, 887 A.2d 220, 2005 WL 3203051 (Pa.2005). In *Pressley*, we clarified the proper procedure to preserve an issue respecting proposed jury instructions under the Pennsylvania Rules of Criminal Procedure. Consistent with the Commonwealth's position, we held that the Rules "require a specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction." *Id.* at *3, 584 Pa. at 630, 887 A.2d at 224. Ultimately, however, we deemed the clarification to apply prospectively only, and did not apply it to the appellant in *Pressley*. Thus, we remanded the case for the lower court to consider the merits of the appellant's

retires to deliberate. All such objections shall be made beyond the hearing of the jury.

claims respecting his proposed points for charge. *Id.* at *4, 584 Pa. at 630–31, 887 A.2d at 225. Consistent with our final disposition in *Pressley,* the clarification to the Rules announced in *Pressley* is not applicable to the instant case. Accordingly, Appellant did not waive this issue by failing to raise a specific objection or exception at trial to the "no adverse inference" instruction.

Having concluded that Appellant did not waive his challenge to the instruction, we now consider the question that was the subject of our grant of allocatur. The genesis of the "no adverse inference" charge is the Fifth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, which provide that a criminal defendant cannot be compelled to be a witness [7] or give evidence [8] against himself or herself. In *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), the United States Supreme Court held that the Fifth Amendment protection required a trial court to give a "no adverse inference" instruction following a defendant's request. In *Commonwealth v. Lewis,* 528 Pa. 440, 598 A.2d 975 (1991), this court explained that Article 1, Section 9 "carefully safeguards the right of an accused to stand silent at his or her trial, without adverse consequence." *Id.* at 978–79. Furthermore, while we had never held that such a charge was mandated when requested, we indicated that "such a belief has been axiomatic in our jurisprudence." *Id.* at 979. Thus, we unequivocally held that criminal defendants have a constitutional entitlement to a "no adverse inference" jury instruction when a timely request is made to the trial court. *Id.*

In *Edwards,* this court was presented with the reverse question, whether it was error for a trial court to give the instruction over a defendant's objection. Acknowledging that the United States Supreme Court had concluded that giving the instruction over the defendant's objection did not violate the Fifth Amendment, *see Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), we rejected such a

7. U.S. CONST. amend. V

8. PA CONST art. 1, § 9

position under Pennsylvania jurisprudence using a two-part inquiry. We first considered whether the defendant had a right to waive the instruction. In answering this question, we looked at *dicta* from *Lewis* indicating that the defendant had a derivative right to refuse the charge. *Edwards*, 637 A.2d at 260. We then considered the nature of the error when the trial court gave the instruction over the defendant's objection. After looking at other states' case law, we concluded that a "sizable number of states have held as a matter of state law, that giving the instruction over a defendant's objection is *per se* erroneous." *Edwards*, 637 A.2d at 260, 261 (*citing with approval Commonwealth v. Buiel,* 391 Mass. 744, 463 N.E.2d 1172 (1984)). We explained that the rationale underlying this rule was a matter of trial strategy:

> The most sensible of the various judicial approaches is to allow the defendant to decide whether the instruction should be given in any particular case. The desirability of the instruction is a matter of trial strategy, and will therefore vary from case to case. The purpose of the instruction is to prevent the jury from considering the defendant's silence as evidence of guilt, and the defendant himself will normally be in the best position to decide whether or not the giving of the instruction will serve this end.

*Id.* at 260–61. After announcing the *per se* rule, however, we declined to apply the rule to the defendant in *Edwards* on the basis that such a rule should be prospective and that any error in the case was harmless.

More than ten years have passed since our decision in *Edwards,* and we are confronted with a question that was not at issue in *Edwards,* namely, in a multi-defendant case, is it error for a trial court to give a "no adverse inference" instruction when one defendant exercises his constitutional right to request the charge as guaranteed by *Lewis* and the other defendant requests that the charge not be given as provided for by *Edwards?* Following a review of our decision in *Edwards,* we have no doubt that in such circumstances the right espoused in *Edwards* must yield.

As noted previously, *Edwards* announced two separate holdings, and it is the first holding that is the subject of the instant appeal. In pertinent part, *Edwards* held that a defendant had "the right" to refuse the "no adverse inference" charge. If the nature of this right was of constitutional dimension, then we would need to consider the interplay between two competing constitutional rights.[9]

We do not believe, however, that the rule announced in *Edwards* was of constitutional dimension. There was simply no indication in *Edwards* that the right recognized therein was of constitutional proportion either by citation to the Pennsylvania Constitution or relevant Pennsylvania case law. The court's mere citation to *dicta* from *Lewis* indicating that the defendant had "the right" to refuse the charge does not elevate the rule in *Edwards* to constitutional proportion. Rather, the only intimation that the right was of constitutional dimension was the fact that we held that the trial court's action to disregard a defendant's waiver of the instruction resulted in *per se* error—a defendant was entitled to a new trial when the trial court gave the instruction over his objection. We will not assume that the mere fact that we considered the error to be *per se* amounted to pronouncement of a rule of constitutional dimension. Accordingly, we find that the right recognized in *Edwards* was not constitutional in nature.

Instead, the basis for the decision in *Edwards* was to give a defendant the option of having the instruction given as a matter of "trial strategy." *Id.* at 260–61; *see also Common-*

9. If we find the right to be of constitutional dimension, we would also need to confront the *per se* rule announced in *Edwards*. We need not consider this question because of our disposition of this case. We note, however, that the Commonwealth persuasively argues that this court should overrule the *per se* rule announced in *Edwards* since much of the reasoning underlying the second part of our decision has been undermined in recent years. It also points out that *Buiel*, 391 Mass. 744, 463 N.E.2d 1172 (1984), a case specifically highlighted and relied upon by the majority in *Edwards*, has been overruled. *See Commonwealth v. Rivera*, 441 Mass. 358, 805 N.E.2d 942, 952 (2004). While we agree that the continued viability of *Edwards* may be open to debate, this is not the appropriate case in which to reconsider the *per se* rule announced therein; the fact that the instant case involves multi-defendants sufficiently distinguishes this case.

*wealth v. Rasheed,* 536 Pa. 567, 640 A.2d 896 (1994) (focusing on this rationale as the basis for our decision in *Edwards*); *Rivera,* 805 N.E.2d at 952 (indicating that the rule announced in *Buiel* was not of constitutional dimension). As pointed out by this court in *Edwards,* normally it should be the defendant's counsel that makes this decision and "it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Edwards,* 637 A.2d at 261. Thus, the underpinning of our decision in *Edwards* was to prevent the trial court's interference with defense counsel's strategy. This reasoning, however, must yield in a multi-defendant action when a trial court is presented with two competing requests by the defendants, one of which is constitutional in nature. Under such circumstances, we agree with the Superior Court's conclusion that a defendant's constitutional right to receive the charge trumps his co-defendant's right to decide his or her trial strategy. *Garcia,* 847 A.2d at 75.

Such a conclusion is supported by our independent review of other states that have considered this question and have uniformly concluded that it is not error for a trial court to give a "no adverse inference" instruction when requested by one defendant in a multi-defendant case.[10] Indeed, the cases have suggested that refusing the instruction under such circumstances would amount to constitutional error.

Accordingly, we hold that in a multi-defendant action, the trial court must honor the constitutional rights of the defendant requesting the "no adverse inference" instruction and that the decision by the trial court to give such an instruction in a multi-defendant case is not error.[11]

---

**10.** *See People v. Brooks,* 124 Ill.App.3d 222, 79 Ill.Dec. 551, 463 N.E.2d 1326 (1984); *Lucas v. State,* 499 N.E.2d 1090 (Ind.1986); *State v. Griffin,* 576 N.W.2d 594 (Iowa 1998); *Hardaway v. State,* 317 Md. 160, 562 A.2d 1234 (1989); *State v. McNeil,* 164 N.J.Super. 27, 395 A.2d 549 (1978).

**11.** As we do not conclude that there was any error in the trial court's decision to give a "no adverse inference" instruction in this case, we need not consider Appellant's alternative solutions.

The order of the Superior Court affirming Appellant's judgment of sentence is affirmed.

Justices NEWMAN, SAYLOR and BAER join the opinion.

Justice NIGRO did not participate in the consideration or decision of this case.

Justice CASTILLE files a concurring opinion in which Justice EAKIN joins.

Justice CASTILLE concurring.

I join the Majority Opinion. I write separately only to note my agreement with the Majority's notation that the viability of the *per se* rule announced in *Commonwealth v. Edwards*, 535 Pa. 575, 637 A.2d 259 (1993), a rule which is not of constitutional dimension and which was not even applied in the *Edwards* case, is subject to serious question. *See* Majority op. at 167 n. 9, 888 A.2d at 638 n. 9. Indeed, in my view, the *Edwards* rule should be disapproved. One aspect of the ill-wisdom of the inflexible *Edwards* rule is illustrated by this very case, which involves a scenario predicted by Mr. Justice Cappy (now Chief Justice) in his Concurring and Dissenting Opinion in *Edwards*. *See* 637 A.2d at 261 n. 1 (Cappy, J., joined by Flaherty, J., concurring and dissenting).

Whether the defendant asks for a no adverse inference charge or not, the jury cannot help but notice when the defendant fails to testify, and it is perceived human nature to think unfavorably of silence in the face of a criminal prosecution. A decision not to have the court instruct the jury to draw no adverse inference from the defendant's silence is a risky trial strategy. It is difficult to see how any defendant in a circumstance where the court orders the jury not to draw the logical lay inference that results from silence in the face of evidence of guilt can be said to have been prejudiced. Perhaps there are unusual instances where the particular facts of a case will warrant counsel in not wanting the jury so informed—though such a case is hard to imagine—and the charge should not be forced upon counsel in that instance.

But such exceptional circumstances are what appeals are for, and the ill-wisdom of the *Edwards* rule is that it allowed the unusual case to become the "tail that wags the dog." To grant relief irrespective of actual prejudice, in instances such as those contemplated by *Edwards,* may forestall appeals, but at the cost of criminal justice.

The Majority is correct that, strictly speaking, we need not overrule *Edwards* in order to dispose of this appeal. But, on the other hand, the continuing existence of *Edwards* as not-yet-overruled precedent will make it unlikely that a better opportunity will ever arise. *See Commonwealth v. Rogers,* 578 Pa. 127, 849 A.2d 1185, 1193 n. 2 (2004) (Castille, J., joined by Eakin & Baer, JJ., concurring) (agreeing that reconsideration of problematic rule should await case where rule is actually challenged, but noting that "I write to outline the problem because, faced with the precedent and the effect of *stare decisis,* the Commonwealth is unlikely to forward such a challenge before the Court, or some of its members, acknowledge the difficulty"). For the pristine case to arise, a trial judge in a single-defendant case will have to flout *Edwards.* Indeed, the issue before us today arose only because there were multiple defendants with differing views on the instruction. Here, unlike in *Martin,* the Commonwealth has challenged the rule, and the problem is apparent. Moreover, since *Edwards* announced this unwise *per se* rule in a case where the rule itself was not applied, there would be a certain symmetry in the Court correcting the mistake expeditiously here, so as to better ensure the cause of justice sooner rather than later.

Justice EAKIN joins this concurring opinion.