J-S24020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIGUEL A. GARCIA, | |
| Appellant | No. 2600 EDA 2014 |

Appeal from the PCRA Order entered September 5, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0502041-2001

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 13, 2015**

Miguel A. Garcia ("Appellant") appeals from the order denying his second petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  Appellant has also filed an application to stay his appeal.  For the reasons discussed below, we deny Appellant's application to stay, and affirm the PCRA court's order denying relief.

The pertinent facts have been summarized as follows:

> Appellant, his co-defendant Antonio Lambert and Anthony Cheatam were in Appellant's car all afternoon on the date in question.  Appellant and Cheatam smoked marijuana. Lambert told Appellant he wanted to get high and he directed Appellant to drive to an area where they purchased some Xanax pills, which they subsequently ingested.  They stopped at a gas station and got gas. Upon leaving the gas station, Lambert told Appellant to pull over.  Both Appellant and Lambert exited the car and attempted to steal the purse of a woman pushing a

shopping cart. When the woman resisted, Lambert shot her, fatally wounding her. Both men returned to the car. Lambert, still holding the gun, told Appellant to drive away. Cheatam insisted on being let out of the car and he was. Appellant and Lambert remained together the rest of the evening. Early the next morning, still in Appellant's car, they were pulled over for a traffic violation. Appellant drove away before the police officer exited his car and a pursuit ensued. Appellant's car crashed; the occupants exited and fled on foot. Appellant, Lambert, and a third companion were apprehended; Appellant discarded the murder weapon during the foot chase.

*Commonwealth v. Garcia*, 847 A.2d 67, 70 (Pa. Super. 2004) (footnote omitted).

The PCRA court summarized the protracted procedural history that followed Appellant's arrest:

On June 10, 2002, following a jury trial before this [c]ourt, [Appellant] was found guilty of murder of the second degree, robbery, and criminal conspiracy. Also on June 10, 2002, [Appellant] was sentenced to a term of life imprisonment on the murder conviction, with the robbery bill merging, and a concurrent sentence of five (5) to ten (10) years of imprisonment for conspiracy. At trial, [Appellant] was represented by Attorney A. Charles Peruto, Jr.[]

[Appellant] filed a timely notice of appeal, and on March 11, 2004, [Appellant's] judgment of sentence was affirmed. [*Garcia*, *supra*.] [Appellant] then sought allowance of appeal. On September 17, 2004, the Pennsylvania Supreme granted allowance of appeal as to one issue. During the direct appeal proceedings, [Appellant] was represented by Mitchell S. Strutin, Esquire. On December 27, 2005, the Supreme Court affirmed the judgment of sentence. [*Commonwealth v. Garcia*, 888 A.2d 633 (Pa. 2005).] [Appellant] did not seek *certiorari*.

On September 18, 2006, [Appellant] filed a *pro se* [PCRA petition]. On March 18, 2008, Daniel Rendine,

Esquire, who was appointed to represent [Appellant], filed an amended petition on [Appellant's] behalf. On July 3, 2008, the Commonwealth filed a Motion to Dismiss [Appellant's] amended petition. On July 17, 2008, this court granted the Commonwealth's Motion to Dismiss. On July 23, 2008, this court sent a notice of intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907.

On August 21, 2008, [Appellant] filed a motion to proceed *pro se*. On September 22, 2008, following a **Grazier** hearing, this court granted [Appellant's] request to proceed *pro se* and directed him to file a supplemental *pro se* petition. Attorney David Rudenstein was appointed by this court as backup counsel. On March 4, 2009, [Appellant] filed *pro se* an Amended [PCRA Petition] with Attached Memorandum of Law. On May 7, 2009, [Appellant] filed a supplement to his PCRA petition. On June 10, 2009, this court issued a second notice of its intent to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 8, 2009, this [c]ourt denied [Appellant's] PCRA petition.

[Appellant] appealed the denial of PCRA relief. On December 15, 2010, the Superior Court affirmed. [**Commonwealth v. Garcia**, 23 A.3d 582 (Pa. Super. 2010).] On September 26, 2011, *allocatur* was denied. [**Commonwealth v. Garcia**, 29 A.3d 795 (Pa. 2011).]

[Appellant] is seeking relief for a second time. On or about July 6, 2012, [Appellant], represented by Daniel Silverman, Esquire, filed his second [PCRA petition] and/or Motion for Re-Sentencing under the authority of **Miller v. Alabama**, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding that a mandatory sentence of life imprisonment without parole for juvenile offenders is unconstitutional).

On August 14, 2012, [Appellant] filed a supplemental petition alleging that under **Miller**, his conviction is unconstitutional "as applied to children like him who had no homicidal malice and neither killed nor intend to kill the victim of a robbery. . . ." Supplemental [PCRA Petition, 8/14/12, at 1]. [Appellant was 17½ years old at the time the crime was committed.] He argued that his conviction, therefore, must be vacated.

On August 24, 2012, [Appellant] filed a Second Supplemental [PCRA Petition] and/or Second Supplemental Motion for Re-sentencing. On September 4, 2012, [Appellant] filed a Memorandum of Law in Support of [PCRA] Relief.

On September 18, 2013, the Commonwealth asked this court to permit the Commonwealth to refrain from responding to [Appellant's] pleadings until the Pennsylvania Supreme Court decides **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013) *cert. denied*, 134 S.Ct. 2724 (U.S. 2014) (considering whether **Miller** applies retroactively to juvenile offenders sentenced to life imprisonment without the possibility of parole).

On December 5, 2013, [Appellant] filed a Motion for Leave to Amend Petition for Habeas Corpus Relief under Article [1], Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief under the [PCRA]. Also on December 5, 2013, [Appellant] filed his Third Supplemental [PCRA Petition] and/or Amended Petition for Habeas Corpus Relief under Article [1], Section 14 of the Pennsylvania Constitution.

On June 26, 2014, the Commonwealth filed a Motion to Dismiss [Appellant's] Second PCRA Petition. On July 1, 2014, [Appellant] filed a Reply to the Commonwealth's Motion to Dismiss.

After conducting a review of the record, this court dismissed [Appellant's] PCRA petition on September 5, 2014.

PCRA Court Opinion, 10/31/14, at 1-4 (footnotes omitted). This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issues:

1. Should this Court stay these proceedings pending the United States Supreme Court's decision in **Toca v. Louisiana**?

2. Did the PCRA court err in dismissing [Appellant's] PCRA petition in which he alleged that under the authority of

*Miller v. Alabama*, 132 S.Ct. 2455 (2012) and the Pennsylvania Constitution his sentence of mandatory life imprisonment is unconstitutional since he was a child at the time he participated as the non-shooting accomplice in a robbery in which his adult co-defendant killed the victim?

   (a)   Did the PCRA court err in refusing to apply *Miller* retroactively on the basis that the United States Supreme Court has already applied *Miller* retroactively?

   (b)   Did the PCRA court err in refusing to apply *Miller* retroactively on the basis that *Miller* announced a new watershed rule of substantive law?

   (c)   Did the PCRA court err in refusing to apply *Miller* retroactively on the broader principles of retroactivity based in Pennsylvania law as suggested by the majority and concurring opinions in *Cunningham* itself?

   [3].   Did the PCRA court err in failing to find under the authority of *Graham v. Florida* and its progeny that applying the felony murder rule is unconstitutional as applied to children like him who had no homicidal malice and neither killed nor intended to kill the robbery victim?

Appellant's Brief at 3-4 (footnote omitted).[1]

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

---

[1] In the omitted footnote, Appellant asserted, "All claims raised in this appeal are based on both the United States Constitution and the Pennsylvania Constitution." Appellant's Brief at 3, n.1.

Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

We address Appellant's first issue, the subject of which Appellant has also raised in a separately filed motion. According to Appellant:

> This Court should stay these proceedings until the United States Supreme Court's decision in *Toca v. Louisiana*, [135 S.Ct. 781 (2014),] expected no later than June 2015. If the Court in *Toca* rules that *Miller v. Alabama* is retroactive, [Appellant] will be entitled to a resentencing hearing. This hearing would need to take place before the issues in this appeal are addressed and would moot most if not all of the present claims.

Appellant's Brief at 13.

In *Toca*, *supra*, the United States Supreme Court issued the following order on December 12, 2014:

> Motion of petitioner for leave to proceed *in forma pauperis* granted. Petition for writ of certiorari to the Supreme Court of Louisiana granted limited to the following questions: 1) Does the rule announced in *Miller v. Alabama*, 567 U.S. ____, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), apply retroactively to this case? 2) Is a federal question raised by a claim that a state collateral review court erroneously failed to find a *Teague* exception [to the general principles of retroactivity]?

*Toca*, 135 S.Ct. at 781-82. On February 3, 2015, however, the United States Supreme Court ruled: "The writ of certiorari was dismissed today pursuant to Rule 46.1 of the Rules of this Court." *Toca*, 135 S.Ct. 1197

- 6 -

(2015). Thus, as **Toca** is no longer pending, Appellant's first issue is meritless, and we deny his separate motion to stay his appeal.[2]

In his second issue and its subparts, Appellant challenges the PCRA court's determination that his second PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id**. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. **Id.**

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new

---

[2] We recognize that in **Montgomery v. Louisiana**, 2015 U.S. LEXIS 1942, the high court granted the petition for writ of *certiorari* to address the following question: "Do we have jurisdiction to decide whether the Supreme Court of Louisiana correctly refused to give retroactive effect in this case to our decision in **Miller v. Alabama**?" **Id.** (citation omitted).

constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court following our Supreme Court's denial of his *allocatur* petition, for PCRA purposes, Appellant's judgment of sentence became final ninety (90) days thereafter, on March 27, 2006. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, in order to be timely, Appellant had to file his PCRA petition by March 27, 2007. Appellant filed the instant PCRA petition over five years later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant contends that his PCRA falls under the exception of subsection 9545(b)(1)(iii) because the United States

Supreme Court recognized a new constitutional right in **Miller v. Alabama**, 132 S.Ct. 2455 (2012). In **Miller**, the high court held that mandatory sentences of life without parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishment.'" **Miller**, 132 S.Ct. at 2460. Appellant asserts that the **Miller** decision should be applied retroactively to his life sentence. As recognized by the PCRA court, Appellant's claim fails.

Our Supreme Court has determined that the **Miller** decision should not be applied retroactively. **See generally**, **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). Thus, Appellant cannot avoid the PCRA's time bar pursuant to Section 9545(b)(iii). As an intermediate appellate court, we are bound by the **Cunningham** decision. To the extent Appellant argues that **Cunningham** was wrongly decided, it is not our province to address this claim further.[3]

With regard to Appellant's argument seeking habeas corpus relief, we agree with the following observations of the PCRA court:

_____

[3] Appellant also cites to the federal court's decision in **Songster v. Beard**, 35 F.Supp.3d 657 (E.D.Pa. 2014), in which the district court held that **Miller** applied retroactively to cases on collateral review. He also suggests that we stay consideration of his appeal until the Third Circuit addresses the decision. Appellant's Brief at 19. Because federal decisions that construe Pennsylvania law are not binding precedent, **Commonwealth v. Bennett**, 57 A.3d 1185, 1203 (Pa. 2012), we decline to do so.

Relying on Chief Justice Castille's concurring opinion in **Cunningham**, [Appellant] argues that to the extent his federal or state constitutional claims are not cognizable under the PCRA, he has a remedy under Pennsylvania's habeas corpus statute, 42 Pa.C.S. §6501 *et seq*. [Appellant's] claim is meritless and must fail.

In his [concurring] opinion in **Cunningham**, Chief Justice Castille offered several "thoughts upon the prospects of other methods of remedying the seeming inequity arising in the post-**Miller** landscape." **Cunningham**, 81 A.3d at 14. He reflected, *inter alia*, on a possibility of the post-**Miller** inequity being resolved through a petition under Pennsylvania's habeas corpus statute. **Id.** at 11-14.

As a preliminary matter, despite [Appellant's] claim that he is entitled to habeas corpus sentencing relief, Chief Justice Castille's concurring statement does not represent the view of the majority of the court and is, therefore, not precedential. [Moreover, Chief Justice Castille indicated in his concurrence that he joined "the well-reasoned Majority Opinion **in its entirety**." **Id.** at 11 (emphasis added).]

Furthermore, pursuant to Pennsylvania law, the PCRA subsumes the remedy of habeas corpus unless the claim does not fall within the ambit of the PCRA statute. [Appellant] cannot avoid the PCRA time-bar by titling his petition or motion as a writ of habeas corpus.

Here, [Appellant's] claims involving alleged violations of his constitutional rights are cognizable under the PCRA. [Appellant] must, therefore, comply with the timeliness requirements of the PCRA. [Appellant] cannot avoid the PCRA timeliness requirements by claiming that he has a remedy under the Pennsylvania habeas corpus statute. [Appellant's] habeas corpus petition should, therefore, be dismissed as an untimely PCRA claim.

PCRA Court Opinion, 10/31/14, at 13-14 (footnote and citations omitted).

In his final issue, Appellant asserts that the PCRA court erred in "completely failing to address [his] claim that based on **Miller** his conviction for second degree murder under the felony murder rule is unconstitutional

- 10 -

as applied to children like him who had no homicidal malice and neither killed nor intended to kill the victim of the robbery." Appellant's Brief at 14. This claim fails, because even if **Miller** established such a "new constitutional right," as we stated above, we are bound by our Supreme Court's determination that **Miller** is not retroactive. **Cunningham**, **supra**.

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Application to stay denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015

- 11 -